IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **RICHARD MULIEK KEARNEY** | : | **Civil No. 1:13-CV-1851** |
| **Plaintiff** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **ROGER SHEFFIELD; WILLIAM D. BAKER; JOSEPH HORTON; and CHARLES E. GLIECHMAN,** | : | |
| | : | **Judge Sylvia H. Rambo** |
| **Defendants** | : | |

**M E M O R A N D U M**

In this Section 1983 civil rights action, Plaintiff has sued four law enforcement officers asserting violations of his rights protected by the Fourth and Fourteenth Amendments.  Presently before the court is Defendants' motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) and (6).  (Docs. 29 & 39.) Because the court finds that the favorable termination requirement of *Heck v. Humphrey*, 512 U.S. 477 (1994), bars Plaintiff's claims under 42 U.S.C. § 1983, it will grant the motion to dismiss.

**I.      Background**

"As a general matter, a district court ruling on a motion to dismiss may not consider matters extraneous to the pleadings." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997).  Thus, for the purposes of the motion *sub judice*, the court only considers the allegations contained in the complaint, as amended, and exhibits submitted in support thereof (Docs. 1 & 38) and will accept as true all well-pleaded factual allegations contained therein.  *See Trump Hotels & Casino Resorts, Inc. v. Mirage Resorts, Inc.*, 140 F.3d 478, 483 (3d Cir. 1998).  It is important to note that Plaintiff's amended complaint was filed with a complete disregard for the Federal Rules of Civil Procedure, Middle District of Pennsylvania

Local Rules of Court, and orders of this court, inasmuch as the amended complaint contains two paragraphs, only one of which is substantive in nature, referring to the original complaint and clarifying that each defendant is sued in both an individual and official capacity.  (*See* Doc. 38; *see also, e.g.*, Doc. 31, p. 2 of 2 (incorporating dictates of Local Rule 15.1 and indicating that an amended complaint must be complete in and of itself); Doc. 28.)  Due to Plaintiff's pro se status, the court will turn to the properly pleaded portions of Plaintiff's original complaint, as amended, despite the fact that the amended complaint fails to conform to the Federal Rules of Civil Procedure, Local Rules of Court, and unambiguous instructions set forth in prior orders.

## A.    Facts

Plaintiff, a state inmate acting pro se, asserted constitutional claims related to the legal processes which led to his sentence of 24 to 48 months of incarceration following his convictions on October 11, 2011, in the Fulton County Court of Common Pleas for burglary, simple assault, and criminal mischief, arising from his actions on February 2, 2011, involving the unlawful entry into a dwelling. (*See* Doc. 1, ¶ 13; Doc. 32-1.)  Plaintiff presumably alleges that his identification, arrest, prosecution, conviction, and resulting detention were illegal, not based upon probable cause, and in violation of his constitutional rights.  Specifically, Plaintiff alleges that Defendant Roger Sheffield, a state police officer stationed at the McConnellsburg Pennsylvania State Police Barracks ("McConnellsburg Barracks"), established probable cause for his application for an arrest warrant by "harassing the alleged victim[,] Travis Smith[,] into cooperating by searching [the victim's] residence looking for firearms and narcotics."  (Doc. 1, ¶ 20.)  According to Plaintiff,

this was done after Smith refused to cooperate. (*Id*.) On or about February 11, 2011, a search of Smith's residence was conducted, during which Defendant Joseph Horton, another state police officer stationed at the McConnellsburg Barracks, assisted. (*See id*. at ¶ 23.) At this time, Smith identified the perpetrator only by the name "Benny." (*See generally id*.) Plaintiff further alleges that, on March 1, 2011, "before an identification procedure had taken place," Defendant William D. Baker, a supervising corporal stationed at the McConnellsburg Barracks, sent an email that identified Benny as Plaintiff and that no officer inquired into how Defendant Baker had established the identity of Benny, despite the identification being conducted "without no [sic] physical evidence nor forensic evidence." (*See id*. at ¶¶ 15-17.) Plaintiff further alleges that the photographic lineup presented by Defendant Sheffield to Smith was unduly suggestive. (*Id*. at ¶ 18.) Plaintiff included Defendant Charles E. Gleichman, another supervising corporal also stationed at the McConnellsburg Barracks, as a defendant in the action on the basis of his supervisory positions and due to his "encourag[ing] and condon[ing]" his subordinate's actions. (*Id*. at ¶¶ 16, 22.) As relief for these alleged constitutional violations, Plaintiff seeks declaratory[1] and injunctive relief and both compensatory and punitive damages. (*Id*. at ¶¶ 24-28.)

### B.   Procedural History

Plaintiff initiated this action by filing a complaint on July 8, 2013. (Doc. 1.) Plaintiff asserted his claims against Defendants in both their official and

---

[1] Here, Plaintiff seeks declaratory relief that Defendants violated his constitutional rights to secure his conviction. Because requests for a declaratory judgment that a conviction is unconstitutional attack the validity of the fact or length of confinement, these claims are not cognizable until the conviction or sentence has been overturned. Although he does not specifically request release, the finding of such declaratory relief in Plaintiff's favor would show that release is required.

individual capacities.  (*Id.* at ¶ 9; Doc. 38, ¶ 1.)  The court granted Plaintiff's motion for leave to proceed *in forma pauperis* and directed that a summons be prepared and issued on October 23, 2013.  (*See* Docs. 16 & 17.)  Defendants timely waived service.  (Doc. 26.)  On November 27, 2013, Plaintiff filed a request for entry of default (Doc. 24), which the court denied as premature on December 2, 2013 (Doc. 25).

On December 13, 2013, Plaintiff filed a motion to amend his complaint, which was noncompliant with Middle District of Pennsylvania Local Rule 15.1, inasmuch as it contained only two vague paragraphs and failed to contain a proposed amended complaint.  (*See* Doc. 27.)  Despite Plaintiff's noncompliance and because such a motion was unnecessary due to operation of Federal Rule of Civil Procedure 15(a)(1)(B), the court deemed Plaintiff's motion moot and advised Plaintiff that he may file his amended complaint as a matter of course no later than 21 days after service of Defendants' responsive pleading or motion filed under Rule 12(b), (e), or (f), whichever was earlier.  (Doc. 28.)  On January 6, 2014, Defendants filed a joint motion to dismiss for failure to state a claim upon which relief could be granted (Doc. 29), followed by a brief in support thereof on January 10, 2014 (Doc. 32).  In response to a request from Plaintiff filed on January 8, 2014 (*see* Doc. 30), the court clarified its previous order regarding Plaintiff's options, instructing that he could either file an amended complaint that was complete in all respects or file a response to the pending motion to dismiss (*see* Doc. 31).

On January 28, 2014, Plaintiff filed a motion to stay the proceedings. (Doc. 34.)  The court denied the stay but granted Plaintiff an extension of time until February 14, 2014, in which he was to comply with the previous orders.  (Doc. 35.)

Significantly, and in light of similar conduct in several other cases that Plaintiff had initiated, *see Kearney v. Hibner*, Civ. No. 1:13-cv-1892 (M.D. Pa.); *Kearney v. Wadsworth*, Civ. No. 1:13-cv-1850 (M.D. Pa.); *Kearney v. Davis*, Civ. No. 1:13-cv-1852 (M.D. Pa.), the court also set forth the consequences of not filing an opposing brief to a pending motion to dismiss. (*Id.*) On February 14, 2014, Plaintiff filed another motion for an extension of time (Doc. 36), which the court granted, extending the deadline to February 28, 2014 (Doc. 37). Significantly, and again in light of similar conduct in several other cases that Plaintiff had initiated, *see Kearney v. Hibner*, Civ. No. 1:13-cv-1892 (M.D. Pa.); *Kearney v. Wadsworth*, Civ. No. 1:13-cv-1850 (M.D. Pa.); *Kearney v. Davis*, Civ. No. 1:13-cv-1852 (M.D. Pa.), the court advised Plaintiff that no further extensions of time would be granted. (*Id.*)

On March 5, 2014, Plaintiff filed an amended complaint, which was noncompliant with the Local Rules and court orders, inasmuch as it was not complete in and of itself, but rather only referenced the original complaint. (Doc. 38.) Also on March 5, 2014, Defendants filed a renewed motion to dismiss, indicating that they elected to rely upon the grounds set forth in their January 10, 2014 brief in support. (Doc. 39.) On March 21, 2014, Plaintiff filed yet another motion seeking an extension of time (Doc. 40), which the court denied by order dated March 24, 2014 (Doc. 41). Based on the record, this matter has been adequately briefed and is appropriate for disposition.

II.      **Legal Standards**

      A.      **Pro Se Pleadings**

Pro se pleadings, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*,

404 U.S. 519, 520-21 (1972).  Under the liberal pleading rules, during the initial

stages of litigation, a district court should construe all allegations in a complaint in

favor of the complainant, especially when the complainant is a pro se litigant.  *Giles*

*v. Kearney*, 571 F.3d 318, 322 (3d Cir. 2009).  Even liberally construing the factual

averments contained therein, however, Plaintiff's complaint cannot withstand

Defendants' motion to dismiss.

### B.       Failure To State a Claim

Defendants' motion challenges Plaintiff's amended complaint pursuant

to Federal Rule of Civil Procedure 12(b)(6).  A Rule 12(b)(6) motion tests the

sufficiency of the complaint against the pleading requirements of Rule 8(a), which

requires that a complaint contain a short and plain statement of the claim showing

that the pleader is entitled to relief "in order to give the defendant fair notice of what

the claim is and the grounds upon which it rests."  *Bell Atl. Corp. v. Twombly*, 550

U.S. 544, 555 (2007) (internal quotation marks omitted).  While a complaint need

not contain detailed factual allegations, it must contain "sufficient factual matter,

accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v.*

*Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted).

Thus, when adjudicating a motion to dismiss for failure to state a claim,

the court must view all the allegations and facts in the complaint in the light most

favorable to the plaintiff and must grant the plaintiff the benefit of all reasonable

inferences that can be derived therefrom.  *Kanter v. Barella*, 489 F.3d 170, 177 (3d

Cir. 2007) (quoting *Evancho v. Fisher*, 423 F.3d 347, 350 (3d Cir. 2005)).  However,

the court need not accept inferences or conclusory allegations that are unsupported

by the facts set forth in the complaint.  *See Fowler v. UPMC Shadyside*, 578 F.3d

203, 210-11 (3d Cir. 2009) (directing that district courts "must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions").

Ultimately, the court must determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." *Iqbal*, 556 U.S. at 679. "The plausibility standard requires 'more than a sheer possibility' that a defendant is liable for the alleged misconduct." *Reuben v. U.S. Airways, Inc.*, 500 F. App'x 103, 104 (3d Cir. 2012) (citing *Iqbal*, 556 U.S. at 678). The complaint must do more than allege the plaintiff's entitlement to relief; it must "show such an entitlement with its facts." *Steedley v. McBride*, 446 F. App'x 424, 425 (3d Cir. 2011) (citing *Fowler*, 578 F.3d at 211). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (alterations in original) (quoting Fed. R. Civ. P. 8(a)(2)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. at 678 (citing *Twombly*, 550 U.S. at 555).

To evaluate whether allegations in a complaint survive a Rule 12(b)(6) motion, the district court must initially "take note of the elements a plaintiff must plead to state a claim." *Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010). Next, the court should identify allegations that "are no more than conclusions" and thus are "not entitled to the assumption of truth." *Id.* Lastly, "where there are well-pleaded factual allegations, the court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief." *Id.*

"A complaint may not be dismissed merely because it appears unlikely that the plaintiff can prove those facts or will ultimately prevail on the merits." *Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (citing *Twombly*, 550 U.S. at 588 n.8).  Rather, Rule 8 "does not impose a probability requirement at the pleading stage, but instead simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element[s]." *Id*. at 234.

Plaintiff attached pages of exhibits to his pleadings.  The use of these exhibits by the court, however, does not convert Defendants' motion to dismiss for failure to state a claim into a motion for summary judgment.  *Pryor v. National Coll. Athletic Ass'n*, 288 F.3d 548, 560 (3d Cir. 2002) ("[C]ertain matters outside the body of the complaint itself, such as exhibits attached to the complaints and facts of which the court will take judicial notice, will not trigger the conversion of [a Rule] 12(b)(6) motion to dismiss to [a Rule] 56 motion for summary judgment.").

## III.        Discussion

The court interprets Plaintiff's complaint as asserting a Section 1983 claim for malicious prosecution/false arrest/false imprisonment.  Section 1983 of Title 42 of the United States Code offers private citizens a means to redress violations of federal law committed by state officials.  *See* 42 U.S.C. § 1983.  The statute provides, in pertinent part, as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in

an action at law, suit in equity, or other proper proceeding
for redress.

*Id.* "Section 1983 is not a source of substantive rights, but merely a method to vindicate violations of federal law committed by state actors." *Pappas v. City of Lebanon*, 331 F. Supp. 2d 311, 315 (M.D. Pa. 2004) (quoting *Gonzaga Univ. v. Doe*, 536 U.S. 273, 284-85 (2002)). To establish a claim under this section, a plaintiff must demonstrate that: (1) the conduct complained of was committed by persons acting under color of state law; and (2) the conduct violated a right, privilege, or immunity secured by either the Constitution or the laws of the United States. *Harvey v. Plains Twp. Police Dep't*, 421 F.3d 185, 189 (3d Cir. 2005) (quoting *West v. Atkins*, 487 U.S. 42, 48 (1988)).

The essence of Plaintiff's claims is that Defendants violated his Fourth Amendment right to be free from unreasonable seizures, which includes the right to be free from malicious prosecution, false arrest, and false imprisonment. An arresting officer violates a person's Fourth Amendment rights when the officer arrests a person without probable cause. *See Hanks v. County of Del.*, 518 F. Supp. 2d 642, 648 (E.D. Pa. 2007) (citing *Dowling v. City of Phila.*, 855 F.2d 136, 141 (3d Cir. 1988)); *see also Pierson v. Ray*, 386 U.S. 547, 556-57 (1967) (acknowledging that a plaintiff may recover civil damages for false arrest under Section 1983 if the plaintiff is able to establish the arresting officers lacked good faith and probable cause). When an officer does make an arrest without probable cause, the arrestee may also assert a Section 1983 false imprisonment claim based on any subsequent detention resulting from that arrest. *Groman v. Township of Manalapan*, 47 F.3d 628, 636 (3d Cir. 1995). Probable cause exists when the facts and circumstances within an arresting officer's knowledge are sufficient to warrant a reasonable person

to believe that an offense has been or is being committed by the person to be arrested. *Id.* at 634.

### A.       Favorable Termination Requirement

Defendants argue that this action should be dismissed in accordance with *Heck v. Humphrey*, 512 U.S. 477 (1994). The court agrees. Plaintiff seeks to bring a civil rights action premised on his imprisonment, which is based upon valid state criminal convictions that have not been set aside or overturned. This he cannot do. To the contrary, it is well-settled that an essential element of a civil rights false arrest or imprisonment claim is that the underlying criminal case must have been terminated in favor of the civil rights claimant. Therefore, where, as here, the civil rights plaintiff brings a malicious prosecution or false arrest claim based upon a state case that resulted in a conviction, the plaintiff's claim fails as a matter of law. In *Heck*, the Supreme Court held that "the hoary principle that civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments applies to [Section] 1983 damages actions that necessarily require the plaintiff to prove the unlawfulness of his conviction of confinement." *Id.* at 486. The Third Circuit has aptly observed in this regard:

> The Supreme Court has "repeatedly noted that 42 U.S.C. § 1983 creates a species of tort liability." Given this close relation between § 1983 and tort liability, the Supreme Court has said that the common law of torts, "defining the elements of damages and the prerequisites for their recovery, provide[s] the appropriate starting point for inquiry under § 1983 as well." The Supreme Court applied this rule in *Heck* to an inmate's § 1983 suit, which alleged that county prosecutors and a state police officer destroyed evidence, used an unlawful voice identification procedure, and engaged in other misconduct. In deciding whether the

> inmate could state a claim for those alleged violations, the
> Supreme Court asked what common-law cause of action
> was the closest to the inmate's claim and concluded that
> "malicious prosecution provides the closest analogy . . .
> because unlike the related cause of action for false arrest or
> imprisonment, it permits damages for confinement imposed
> pursuant to the legal process."  Looking to the elements of
> malicious prosecution, the Court held that the inmate's
> claim could not proceed because one requirement of
> malicious prosecution is that the prior criminal proceedings
> must have terminated in the plaintiff's favor, and the
> inmate in *Heck* had not successfully challenged his
> criminal conviction.

*Hector v. Watt*, 235 F.3d 154, 155-56 (3d Cir. 2000) (internal citations omitted).

Thus, it is a legal prerequisite to a civil rights claim in this setting based

upon allegations of false arrest or malicious prosecution that the plaintiff show that

the criminal proceedings have terminated in his favor.  Indeed, it is well-settled that:

> To prove malicious prosecution under [S]ection 1983, a
> plaintiff must show that: (1) the defendants initiated a
> criminal proceeding; (2) *the criminal proceeding ended in
> plaintiff's favor*; (3) the proceeding was initiated without
> probable cause; (4) the defendants acted maliciously or for
> a purpose other than bringing the plaintiff to justice; and
> (5) the plaintiff suffered deprivation of liberty consistent
> with the concept of seizure as a consequence of the legal
> proceeding.

*Estate of Smith v. Marasco*, 318 F.3d 497, 521 (3d Cir. 2003) (emphasis supplied).

As the Third Circuit has observed:

> The purpose of the favorable termination requirement is to
> avoid "the possibility of the claimant . . . succeeding in the
> tort action after having been convicted in the underlying
> criminal prosecution, in contravention of a strong judicial
> policy against the creation of two conflicting resolutions
> arising out of the same or identical transaction."

> Consistent with this purpose, we have held that a prior
> criminal case must have been disposed of in a way that
> indicates the innocence of the accused in order to satisfy
> the favorable termination element. Accordingly, a
> malicious prosecution claim cannot be predicated on an
> underlying criminal proceeding which terminated in a
> manner not indicative of the innocence of the accused.

*Kossler v. Crisanti*, 564 F.3d 181, 187 (3d Cir. 2009) (internal citations and footnote omitted).

In this case, it is evident that Plaintiff's prior state criminal prosecution did not terminate favorably for him, in a way which "indicate[d] the plaintiff's innocence of the alleged misconduct underlying the offenses charged," *Kossler*, 564 F.3d at 188, because Plaintiff was convicted in the state case of burglary, *inter alia*, and sentenced to 24 to 48 months of imprisonment. (*See* Doc. 26-2.) The essence of Plaintiff's federal claims is that Defendants Sheffield and Horton harassed an uncooperative victim into cooperating and then utilized "an [sic] very unnecessarily suggestive line-up to identify Plaintiff." (Doc. 1, ¶ 20.) Plaintiff alleges that Defendant Baker provided the photograph which was used in the "unnecessarily suggestive" lineup, allegedly without a proper basis to believe that Plaintiff was the perpetrator. (*Id*. at ¶ 21.) Plaintiff apparently takes exception with the manner of his identification rather than the result thereof, as he does not allege that he did not commit the crimes charged.

It is well established that the use of unreliable identification evidence obtained by police through unnecessarily suggestive procedures violates a defendant's right to due process. *See Neil v. Biggers*, 409 U.S. 188, 199 (1972). However, because judgment in favor of Plaintiff on a claim arising from an unconstitutional identification procedure would imply the invalidity of Plaintiff's

convictions, any claim related to the improper identification procedure is barred by *Heck*. Accordingly, the court will dismiss Plaintiff's claims insofar as the complaint challenges the actions of Defendants Sheffield, Horton, and Baker regarding their use of allegedly unconstitutional identification procedures in the course of their investigation.

To the extent Plaintiff contends that he was not the individual who committed the acts for which he was charged, the trier of fact clearly did not agree. Plaintiff admits, and the public records confirm, that he was convicted of the offenses for which he was charged in relation to his actions on February 2, 2011. The favorable termination rule applies because Plaintiff's federal lawsuit necessarily calls into question the validity of his convictions, as his civil suit is premised on his unconstitutional convictions or sentences that have not been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus. *See Heck*, 512 U.S. at 487. Since "one requirement of malicious prosecution is that the prior criminal proceedings must have terminated in the plaintiff's favor," *Hector*, 235 F.3d at 156, the immutable fact of Plaintiff's conviction on these grave charges defeats any federal civil rights claim based upon false arrest or malicious prosecution in this state case and compels dismissal of these claims. In short, Plaintiff's complaint is based upon the fundamentally flawed legal premise that Plaintiff can sue state officials for false arrest and imprisonment even though he stands convicted of the crimes charged against him. Because, as applied to the facts here, this premise is simply incorrect, Plaintiff's complaint fails as a matter of law. Accordingly, the court will dismiss Plaintiff's claims insofar as the

complaint challenges the conduct of Defendants Sheffield, Horton, and Baker during the investigation and prosecution of the crimes for which Plaintiff was convicted.

## B.        Supervisor Liability

Additionally, Plaintiff names Supervising Corporals Gleichman and Baker as defendants in this action on the basis of their supervisory authority. Defendants contend that the facts alleged do not establish liability as to these individuals.  For the following reasons, the court agrees with Defendants, and any claim predicated on Defendant Gleichman's or Defendant Baker's supervisory status will be dismissed from the action.

Section 1983 creates a cause of action based upon personal liability and predicated upon fault; thus, liability does not attach unless the individual defendant caused or participated in a constitutional deprivation.  *See Santiago*, 629 F.3d at 128-29; *Iqbal*, 556 U.S. at 693 ("[E]ach Government official . . . is only liable for his or her own misconduct.").  Accordingly, liability under Section 1983 may only be based upon a defendant's personal involvement amounting to a constitutional violation.  *Hampton v. Holmesburg Prison Officials*, 546 F.2d 1077, 1082 (3d Cir. 1976).  "Liability may not be imposed under Section 1983 on the principle of respondeat superior."  *Hetzel v. Swartz*, 909 F. Supp. 261, 264 (M.D. Pa. 1995) (citing *Hampton*, 546 F.2d at 1082).  Therefore, to survive a Rule 12(b)(6) motion, the complaint must contain averments establishing each defendant's involvement in the conduct that caused a violation of Plaintiff's constitutional rights.  *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988).  Applicable to the matter *sub judice*, "a supervisor may be personally liable . . . if he or she . . . , as the person in charge, had knowledge of and acquiesced in his subordinates' violations."  *Santiago*,

629 F.3d at 129 (citing *A.M. ex rel. J.M.K. v. Luzerne Cnty. Juvenile Det. Ctr.*, 372 F.3d 572, 586 (3d Cir. 2004)).

    Plaintiff has not alleged facts in his complaint from which it can be reasonably inferred that the personal conduct of Defendants Gleichman or Baker violated Plaintiff's constitutional rights. *See supra* Part III.A (finding that Defendant Baker's email implicating Plaintiff and Defendant Baker's providing Plaintiff's photograph to Defendant Sheffield was insufficient to establish Section 1983 liability). Because the complaint does not allege facts sufficient to show that Plaintiff has a "plausible claim for relief" for a Section 1983 claim against Defendant Gleichman on the basis of his personal involvement, any claim purportedly asserted against Defendant Gleichman on that basis will be dismissed. Additionally, Plaintiff's claims must fail to the extent that Plaintiff attempts to assert claims against Defendants Gleichman or Baker for supervisor liability, *i.e.*, that they had knowledge of and acquiesced in their subordinates' alleged violations of Plaintiff's constitutional rights. As discussed *supra*, Part III.A, Plaintiff cannot maintain an action where the success of that action would implicitly require the invalidation of his criminal conviction. Thus, any claim that Defendants Gleichman or Baker knew of and acquiesced in Defendants Sheffield and Horton's actions necessarily includes, as an element, an actual violation at the hands of the supervisor's subordinate. Because such a violation cannot be shown, Plaintiff cannot maintain an action on the basis of supervisory liability. Accordingly, Defendants Gleichman and Baker will be dismissed from this action.

**IV.      Conclusion**

Based on the foregoing, the court finds that a ruling in favor of Plaintiff in this Section 1983 civil rights litigation would necessarily imply the invalidation of Plaintiff's convictions, which remain valid at this time. Thus, these claims are not cognizable due to the favorable termination requirement set forth in *Heck v. Humphrey*, 512 U.S. 477 (1994). Accordingly, the court concludes that Plaintiff's complaint fails to state a claim upon which relief can be granted and will dismiss Plaintiff's complaint in its entirety.

An appropriate order will issue.

s/Sylvia H. Rambo
United States District Judge

Dated: April 17, 2014.